No. 835

SOFO v. B. R. BAKER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Payer, Winch, Minshall & Karch, Cleveland, for Sofo.

Howell, Roberts & Duncan, Cleveland, for B. R. Baker Co.

118. AUTOMOBILES.—719. Liens. — 123. Bailments.—829. Negligence.—301. Contributory Negligence.

SULLIVAN, J.

1. Where owner of automobile was unaware by ordinary use of steering wheel that automobile was padlocked to collect parking charges, and was injured in attempting to back car from narrow and dark alley, charge that defendants could imprison car and deprive owner of its use without his consent by padlocking it and taking possession and control as for lien for payment of parking charge or as penalty for wrongful parking held erroneous and prejudicial.

2. Bailment cannot be created, in absence of notice or consent by owner of chattel.

3. Where purpose of defendant landowner in padlocking plaintiff's parked automobile was to take temporary possession and control and method used was perilous to plaintiff, his negligence in undertaking to operate it without notice of defendant's act held no defense.

(Levine, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

--------

No. 836

BALT. & O. RD. CO. et v. FISH LYBARGER CO.

Ohio Appeals, 5th Dist., Knox Co.

Frazier & Frazier, Zanesville, and W. J. Sperry, Mt. Vernon, for Railroad Co.

F. O. Levering, Mt. Vernon, for Fish Lybarger Co.

1106. STATUTE OF LIMITATIONS.—991. Railroads.

HOUCK, J.

In shipper's suit against carrier for loss of shipment, defended on ground that claim was barred for failure to present it within six months after reasonable time for delivery of property had elapsed, evidence showing that delay in presenting claim was caused by carrier held to entitle shipper to recover, in view of U. S. Comp. St., Section 8604a, relieving shipper from necessity for filing claim when loss was due to delay or damage while loading or damage in transit by negligence.

(Shields and Patterson, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

--------

No. 837

GERAK v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

681. JURISDICTION.—333. Criminal Law. —769. Minors.

Henry DuLawrence, Cleveland, for Gerak. David Rothkopf, Cleveland, for State.

WASHBURN, J.

1. By the statute of Ohio a young man seventeen years of age, who, while in the act of committing burglary, intentionally kills another, under circumstances making him guilty of a felony, may be indicted by the grand jury for that offense, and the only court that is clothed with jurisdiction to try him for such felony is the common pleas court..

2. The fact that, under the Juvenile Court Act (Section 1639 et seq., General Code), the commission of a felony by a minor constitutes him a delinquent, does not relieve him of the consequences of his crime or abridge the right of the grand jury to indict him for such crime, or the right of the common pleas court to try him for such crime, when the juvenile court does not acquire jurisdiction of him for such delinquency before the common pleas court acquires jurisdiction of him for such felony.

(Dunlap, PJ., and Vickery, J., concur.)

For reference to full opinion see Omnibus Index, last page, this issue.